UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  

Original filed by ECF

---------------------------------------------------------------------------X  
CHARLES MORROW,

                       Plaintiff,

          v.

07 Civ 10271 (BSJ)

Pro se

COMMISSION ON JUDICIAL CONDUCT, State
of New York, and ROBERT H. TEMBECKJIAN, ESQ.,
ADMINISTRATOR, Commission on Judicial Conduct, in his
official capacity, and RAOUL LIONEL FELDER, ESQ.,
CHAIR, Commission on Judicial Conduct, in his official
capacity, and HON. THOMAS A. KLONICK, VICE CHAIR,
Commission on Judicial Conduct, in his official capacity,
and STEPHEN R. COFFEY, ESQ., MEMBER,
Commission on Judicial Conduct, in his official capacity,
and COLLEEN C. DIPIRRO, MEMBER, Commission on
Judicial Conduct, in his official capacity, and
RICHARD D. EMERY, ESQ., MEMBER,
Commission on Judicial Conduct, in his official capacity,
PAUL B. HARDING, ESQ., MEMBER, Commission
on Judicial Conduct, in his official capacity, and
MARVIN E. JACOB, ESQ., MEMBER, Commission on
Judicial Conduct, in his official capacity, and
HON. JILL KONVISER, MEMBER, Commission on
Judicial Conduct, in her official capacity, and
HON. KAREN K. PETERS, MEMBER, Commission
on Judicial Conduct, in her official capacity, and
HON. TERRY JANE RUDERMAN MEMBER,
Commission on Judicial Conduct, in her official capacity,

                       Defendants.  
---------------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS THE COMPLAINT**

                                ANDREW M. CUOMO  
                                Attorney General of the  
                                  State of New York  
                                Attorney for Defendants  
AMY L. ABRAMOWITZ             120 Broadway  
Assistant Attorney General         New York, New York 10271  
 of Counsel                               (212) 416-8599/8610

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Factual Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      Overview of the Commission and its Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      1. The Duties and Composition of the Commission . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      2. Commission Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      3. Determinations by the Commission . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      4. Review by the Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      5. Motions for rehearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      6. Confidentiality of Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF AUTHORITIES

**Cases**                                      **Page**

Anonymous v. Bureau of Professional Medical Conduct,
  2 N.Y.3d 663 (2004) ................................................ 11

Bach v. Pataki,
  408 F.3d 75 (2d Cir. 2005) ........................................... 9

Baker v. McCollen,
  443 U.S. 137 (1979)) ............................................... 14

Bradbury v. Idaho Judicial Council,
  136 Idaho 63 (Idaho 2001) .......................................... 11

Bush v. Vera,
  517 U.S. 952 (1996) .............................................. 9,10

Doe v. Office of Professional Medical Conduct,
  81 N.Y.2d 1050 (1993) .............................................. 11

First Amendment Coalition v. Judicial Inquiry and Review Board,
  784 F.2d 467 (3rd Cir. 1986) ............................... 11, 12, 13

First National Bank v. Gelt Funding Corp.,
  27 F.3d 763 (2d Cir. 1994), cert. denied, 513 U.S. 1079 (1995) ....... 9

Jaghory v. New York State Department of Education,
  131 F.3d 326 (2d Cir. 1997) .......................................... 9

Landmark Communications Inc. v. Virginia,
  435 U.S. 829 (1978) ................................................ 13

Leeds v. Meltz,
  85 F.3d 51 (2d Cir. 1996) ............................................ 9

Matter of Johnson Newspaper Corp.,
  77 N.Y.2d 1 (1990) ................................................. 14

McNeil v. United States,
    508 U.S. 106 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Nicholson v. State Commission on Judicial Conduct,
    50 N.Y.2d 597 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Stern v. Morgenthau,
    62 N.Y.2d 331 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 11

United States v. Rybickii,
    354 F.3d 124 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Salerno,
    481 U.S. 739 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------X<br>CHARLES MORROW,<br><br>                                Plaintiff,<br><br>                v.<br><br>COMMISSION ON JUDICIAL CONDUCT, State of New York, and ROBERT H. TEMBECKJIAN, ESQ., ADMINISTRATOR, Commission on Judicial Conduct, in his official capacity, and RAOUL LIONEL FELDER, ESQ., CHAIR, Commission on Judicial Conduct, in his official capacity, and HON. THOMAS A. KLONICK, VICE CHAIR, Commission on Judicial Conduct, in his official capacity, and STEPHEN R. COFFEY, ESQ., MEMBER, Commission on Judicial Conduct, in his official capacity, and COLLEEN C. DIPIRRO, MEMBER, Commission on Judicial Conduct, in his official capacity, and RICHARD D. EMERY, ESQ., MEMBER, Commission on Judicial Conduct, in his official capacity, PAUL B. HARDING, ESQ., MEMBER, Commission on Judicial Conduct, in his official capacity, and MARVIN E. JACOB, ESQ., MEMBER, Commission on Judicial Conduct, in his official capacity, and HON. JILL KONVISER, MEMBER, Commission on Judicial Conduct, in her official capacity, and HON. KAREN K. PETERS, MEMBER, Commission on Judicial Conduct, in her official capacity, and HON. TERRY JANE RUDERMAN MEMBER, Commission on Judicial Conduct, in her official capacity,<br><br>                              Defendants<br>------------------------------------------------------------------------X | Original filed by ECF<br><br><br><br>07 Civ 10271 (BSJ)<br>Pro se |

## Preliminary Statement

      This memorandum of law is respectfully submitted by defendants, the New York State

Commission on Judicial Conduct (the "Commission"), Robert H. Tembeckjian, Esq., Raoul

Lionel Felder, Esq., Hon. Thomas A. Klonick, Stephen R. Coffey, Esq., Colleen C. DiPirro,

Richard D. Emery, Esq., Paul B. Harding, Esq., Marvin E. Jacob, Esq., Hon. Jill Konviser, Hon.

Karen K. Peters, and Hon. Terry Jane Ruderman (collectively "defendants") in support of their motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b) (6). Plaintiff, Charles Morrow, alleges that by declining to provide him with confidential information regarding complaints against, and investigations of, New York State court judges, defendants deprived him of his right to petition the government in violation of the First Amendment to the United States Constitution. Plaintiff's claims should be dismissed in their entirety against all defendants.

## Statement of Facts

### Factual Allegations

Plaintiff, a Vermont resident, brings a facial challenge to the constitutionality of the provision of the Judiciary Law which requires that the Commission maintain the confidentiality of complaints against New York State Judges until a specified stage of Commission proceedings. Complaint ¶ 1.

Plaintiff filed charges with the Commission against a New York State Judge. Complaint ¶ 9. In his complaint, plaintiff alleged that statements made by the Judge during a judicial proceeding evidence "bias" and "a lack of impartiality" allegedly violating Canons 3(B)(4) and 3(E)(1) of the New York State Code of Judicial Conduct. ¶ 10.

Plaintiff alleges that he requested that the Commission "provide case identifying details of all closed proceedings involving judicial misconduct complaints concerning judicial bias or lack of impartiality that have not been published on the NYSCJC's Internet site." Complaint ¶ 11 (emphasis in original). This request covers all complaints against all state judges who have ever been the subjects of complaints. Complaint ¶¶ 11-12. Plaintiff states that he needs this information "[t]o be able to more effectively prosecute his claims of judicial misconduct." Id.

Plaintiff alleges that on November 9, 2007, he met with Commission, Senior Clerk, Miguel Maisonet, who orally refused his request for information. Complaint. ¶ 11.

### Overview of the Commission and its Proceedings

**1. The Duties and Composition of the Commission**

Article VI, § 22 of the New York State Constitution created the State Commission on Judicial Conduct to "receive, initiate, investigate and hear complaints with respect to the conduct, qualifications, fitness to perform or performance of official duties of any judge." N.Y. Const., Art. VI, § 22(a); see also N.Y. Jud. Law § 44(1)). To further this mission, the Chief Administrator of the Court, with the approval of the New York Court of Appeals, has promulgated, as required by the State Constitution Art. VI, § 20(4)(c), the Rules of Judicial Conduct that apply to judges and judicial conduct. The Commission has eleven members, three of whom are appointed by the Chief Judge of the Court of Appeals, with the remainder appointed by the governor (4 appointees), the temporary president of the senate (1), the minority leader of the senate (1), the speaker of the assembly (1) and the minority leader of the assembly (1). Of the members appointed by the Chief Judge, "one person shall be a justice of the appellate division of the supreme court, one person shall be a judge of a court other than the court of appeals or appellate divisions, and one person shall be a justice of a town or village court." N.Y. Jud. Law § 41 (1).

**2.  Commission Proceedings**

Commission proceedings are governed by Sections 40-48 of the Judiciary Law, as well as by the Commission Rules, codified at 22 NYCRR Part 7000. The Commission is charged with enforcing the Rules of Conduct. Upon receiving a written and signed complaint from a

3

member of the public, the Commission may commence an investigation into the conduct of a judge. N.Y. Jud. Law § 44(1); see also 22 NYCRR § 7000.3(a). If the Commission determines that such a complaint lacks merit, it will dismiss the complaint, N.Y. Jud. Law § 44(1), but may issue to the judge a "letter of dismissal and caution containing confidential comments, suggestions and recommendations" with respect to the Commission's investigation of the complaint. 22 NYCRR § 7000.3(c). The Commission also may initiate an investigation by filing an "administrator's complaint." N.Y. Jud. Law § 44(2); 22 NYCRR § 7000.3 (a).

During the investigatory phase, a Commission member or the administrator may subpoena witnesses and require the production of any books, records, documents or other relevant evidence. 22 NYCRR § 7000.3(d); N.Y. Jud. Law § 42(1). A judge subject to investigation has the right to be represented by counsel during all stages of the investigation and to present evidentiary data and material, including oral and written statements. N.Y. Jud. Law § 44(3); 22 NYCRR § 7000.3(f).

If the Commission determines that a hearing is warranted, it serves the judge with a formal written complaint signed and verified by the administrator. N.Y. Jud. Law § 44(4). This Formal Written Complaint is distinct from the "administrator's complaint" discussed above, which simply authorizes the Commission to conduct an investigation (compare 22 NYCRR § 7000.1(b) (defining "administrator's complaint") with 22 NYCRR § 7000.1(g) (defining "formal written complaint"). The judge must file a written and verified Answer to the Formal Written Complaint within twenty days, which may contain affirmative defenses, and may "assert that the specified conduct alleged in the formal written complaint is not improper or unethical." N.Y. Jud. Law § 44(4); 22 NYCRR § 7000.6(b).

At least ten days prior to the hearing – which is not public unless the judge involved so demands N.Y. Jud. Law § 44(4) – the Commission must make available to the judge any exculpatory evidence. N.Y. Jud. Law § 44(4); 22 NYCRR § 7000.6(h)(1). In addition, at least ten days before the hearing and upon written request of the judge, the Commission must make available, without cost, copies of all documents that the Commission intends to present and any written statements by witnesses the Commission intends to call. N.Y. Jud. Law § 44(4); 22 NYCRR § 7000.6(h)(1).

At the hearing, which adheres to the rules of evidence applicable to nonjury trials, 22 NYCRR § 7000.6(i)(2), the Commission may take testimony of witnesses and receive evidence. N.Y. Jud. Law § 44(4); 22 NYCRR § 7000.6(i)(2). The judge may call and cross-examine witnesses, and present evidence of his own. N.Y. Jud. Law § 44(4); 22 NYCRR § 7000.6(i)(2). At all times, the administrator bears the burden of proving, by a preponderance of the evidence, facts justifying a finding of misconduct. 22 NYCRR § 7000.6(i)(1). The administrator and the judge may file briefs and proposed findings on issues of law and fact. 22 NYCRR § 7000.6(k), and the referee who presided over the hearing must submit a report to the Commission with proposed findings of fact and conclusions of law. 22 NYCRR § 7000.6(l).

### 3. Determinations by the Commission

The Commission must consider the referee's report, and provide the administrator and the judge an opportunity to submit additional briefs and present oral argument with regard to both the referee's report and possible sanctions. 22 NYCRR § 7000.7(a). The Commission subsequently may determine that a judge be admonished, censured, removed or retired. N.Y. Jud. Law § 44(7); see also 22 NYCRR § 7000.7(c). Alternatively, if the Commission determines

that the judge's misconduct is established but that some other sanction is appropriate, the Commission may issue a private "letter of caution" containing confidential comments, suggestions and recommendations. 22 NYCRR § 7000.7(d). If the Commission determines that the administrator failed to prove his case, the Formal Written Complaint is dismissed. 22 NYCRR § 7000.7(e); see also N.Y. Jud. Law § 44(6).

If the Commission determines that a judge should be admonished, censured, removed or retired, it transmits that determination, "together with its findings of fact and conclusions of law and the record of the proceedings upon which its determination is based, to the chief judge of the court of appeals." N.Y. Jud. Law § 44(7); 22 NYCRR § 7000.7(c); see also Const., Art. VI, § 22(a). At that point, the Commission's determination, findings and conclusions, and the record of the proceedings are made public, and any proceedings from that point forward are public. N.Y. Jud. Law § 44(7). The judge "may either accept the determination of the commission or make written request to the chief judge, within thirty days after receipt of such determination, for a review thereof by the court of appeals." N.Y. Jud. Law § 44(7); see also N.Y. Const., Art. VI, § 22(a) (judge "may either accept the commission's determination or make written request to the chief judge . . . for a review of such determination by the court of appeals"). Not until the judge has sought review by the Court or Appeals, or the time for such an application has passed, do the Commission's determinations become final. N.Y. Jud. Law § 44(7).

**4. Review by the Court of Appeals**

"A written request to the Chief Judge for review by the Court of Appeals, timely made in accordance with Judiciary Law, section 44, subdivision 7, shall commence the proceeding for review of the determination of the State Commission on Judicial Conduct." 22 NYCRR

6

§ 530.1(b). To that end, the Court of Appeals "shall review the commission's findings of fact and conclusions of law on the record of the proceedings upon which the commission's determination was based." N.Y. Const., Art. VI, § 22(d); N.Y. Jud. Law § 44(9). In contrast to other litigants in the New York Court of Appeals, who must file a jurisdictional statement within ten days of taking an appeal, (see 22 NYCRR § 500.2(a), no such statement is required in these circumstances; rather, a judge need only submit the administrative record and his brief within thirty days of the date of the written request for Court of Appeals review. 22 NYCRR § 530.2. Review by the Court of Appeals is mandatory, rather than discretionary. Ultimately, the Court of Appeals may accept the Commission's determination and sanction, impose a less severe or more severe sanction than the one determined by the Commission, or find that the judge's conduct does not violate the Rules. N.Y. Const., Art. VI, § 22(d); N.Y. Jud. Law § 44(9). Removal or retirement of a judge is accomplished only by order of the Court of Appeals. N.Y. Jud. Law § 44(7).

**5. Motions for rehearing**

In addition to seeking review by the Court of Appeals, pursuant to 22 NYCRR § 7000.6(f), a party may make a motion for reconsideration of a commission determination within 30 days of service of the determination upon the respondent. Such an application may be grounded in either arguments of fact or of law. With regard to newly discovered evidence, a moving party must demonstrate that the proffered evidence, if introduced at the hearing before the referee or otherwise properly before the commission: (i) would probably have resulted in a different determination; and (ii) could not have been discovered in time to introduce at the hearing or otherwise be properly before the Commission prior to the rendering of the

determination.  Id.

**6. Confidentiality of Records**

      Public disclosure of Commission records and proceedings is strictly limited by law.  N.Y. Jud. L.§ 45.  Judiciary Law § 45 states, in pertinent part, that

> (1) Except as thereinafter provided, all complaints, correspondence, commission proceedings and transcripts thereof, other papers and data and records of the commission shall be confidential and shall not be made available to any person except pursuant to section forty-four of this article.

See also 22 NYCRR § 7000.8.  With limited, carefully drawn exceptions, all Commission records, including complaints, correspondence, memoranda and transcripts, and all Commission proceedings are confidential by statute (N.Y. Jud.. § 45).  Underscoring the scope of the confidentiality envisioned, and demonstrating that consideration was given to all possible exceptions to the confidentiality being mandated, the legislature provided that the Commission "and its designated staff personnel" may have access to the files "in the performance of their powers and duties."  Id.

      Judiciary Law § 45 authorizes the Commission, upon written request of a judge, to make public copies of the complaint of the transcripts of any hearings held thereon, and its dispositive action with request to the complaint.  Pursuant to Judiciary Law § 45, the Commission's files and records are confidential except as to matters in which public discipline has been rendered.  Accordingly, all files and records as to dismissed complaints are strictly confidential.  The confidentiality of such records has been upheld by the Court of Appeals, even when requested by a grand jury subpoena.  Stern v. Morgenthau, 62 N.Y.2d 331, 336-39 (1984).  Here, plaintiff

seeks to compel public disclosure of such confidential records held exclusively by the Commission.

## ARGUMENT

When faced with a motion to dismiss, a court must accept all factual allegations in the complaint as true.  See Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).  However, a court is not required to accept as true the complaint's "conclusions of law or unwarranted deductions of fact." First Nat'l Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994), cert. denied, 513 U.S. 1079 (1995).  While a court should construe a pro se complaint broadly, a litigant's bald assertions, completely unsupported by evidence, cannot overcome a motion to dismiss.  See Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Although pro se pleadings should be read liberally, they must still comply with the Federal Rules of Civil Procedure.  See McNeil v. United States, 508 U.S. 106, 113 (1993).

Plaintiff alleges that the Commission's failure to provide him with the information he seeks deprives him of his right to petition the government. He claims that such deprivation constitutes a violation of his First Amendment rights and seeks a declaration that Section 45 of the Judiciary Law is unconstitutional.  For plaintiff's facial challenge to survive, he must establish that there is no set of circumstances under which the statute, Judiciary Law § 45, would be valid. United States v. Salerno, 481 U.S. 739, 745 (1987).  Furthermore, the fact that Judiciary Law § 45 might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it facially invalid.  Id.; Bach v. Pataki, 408 F.3d 75, 89 (2d Cir. 2005); United States v. Rybickii, 354 F.3d 124, 130 (2d Cir. 2003).  Moreover, statutes are presumed constitutional and should be construed to avoid constitutional questions.  Bush v. Vera,

517 U.S. 952, 992 (1996).

Judiciary Law § 45 states that with limited, carefully drawn exceptions, all Commission records, including complaints, correspondence, memoranda and transcripts, and all Commission proceedings are confidential. New York State courts have long recognized the importance of confidentiality in judicial disciplinary proceedings. For example, in <u>Stern v. Morgenthau</u>, 62 N.Y.2d 331, 339 (1984), the New York State Court of Appeals found that even a Grand Jury, acting in furtherance of an investigation, could not subpoena confidential records from the Commission. The Court stated that the powers of the Grand Jury's ability to subpoena records, although extensive, are not unlimited. <u>Id</u>. at 350. In reaching its decision the Court noted that the Legislature specifically indicated in the statute where it intended to modify the general confidentiality requirement and grant access to Commission records. <u>Id</u>. at 352. Moreover, the Court noted that the statute had been amended in 1983 "to permit disclosure also of some records with the consent of the applicant to the Commission on Judicial Nomination, the Governor and certain officers of the Senate considering nominees for the Court of Appeals."[1] <u>Id</u>. Prior to the 1983 amendment, the Commission did not provide certain information to the Commission on Judicial Nomination. The Court found the 1983 amendment notable because the Legislature "apparently thought amendment was necessary even when the information was sought for consideration of a candidate's qualifications for appointment to the Court of Appeals and [], the disclosure permitted by the amendment is less than requested suggesting that confidentiality was given a high priority even when the information was required for such

---

[1] It is significant that the 1983 amendment to Section 45 excludes records of dismissed cases. The Commission on Judicial Nomination cannot even obtain the information plaintiff seeks here. <u>See</u> Complaint ¶ 19.

legitimate and important purposes. (see Bill Jacket, L 1983, ch 35, § 1, Summary of Position of State Commission on Judicial Conduct)." Stern, 62 N.Y.2d at 337-38. See also Anonymous v. Bureau of Professional Medical Conduct, 2 N.Y.3d 663 (2004) ("the statutes governing judges and lawyers clearly require that disciplinary proceedings remain confidential, even after termination, where there is no finding of wrongdoing"); Doe v. Office of Professional Medical Conduct, 81 N.Y.2d 1050 (1993) ("our construction of the statute is consistent with the general policy that disciplinary proceedings involving licensed professionals remain confidential until finally determined" (internal citations omitted)); Nicholson v. State Commission on Judicial Conduct, 50 N.Y.2d 597 (1980) ("it is only after the Commission has completed its action and the record has been transmitted to the Court of Appeals that 'the determination of the Commission, its findings and conclusions and the record of its proceedings shall be made public").[2]

The Judiciary Law does provide for disclosure in specified circumstances. Judiciary Law § 44(4) permits an open, public, adversary hearing on a formal written complaint, containing formal charges, upon the written request of a judge. Section 44(7) authorizes public disclosure of a final determination of admonition, censure, removal or retirement, along with the Commission's findings and conclusions and the record before it. With these exceptions, all other Commission records and proceedings are confidential by law.

---

[2] Other states, operating under similar judiciary rules as New York, have emphasized the importance of confidentiality in judicial disciplinary proceedings. See e.g., First Amendment Coalition v. Judicial Inquiry and Review Board, 784 F.2d 467 (3rd Cir. 1986)(state constitutional provision permitting public access to records of the judicial inquiry and review board only if board recommends that state supreme court discipline a judge is not unconstitutional); Bradbury v. Idaho Judicial Council, 136 Idaho 63 (Idaho 2001)(confidentiality in judicial disciplinary proceedings does not infringe upon a fundamental interest and is rationally related to the state's legitimate interests).

The policy of preventing unwarranted disclosure of Commission information is underscored by Judiciary Law § 46, which provides that a Commission employee, staff member or agent who breaches any of the confidentiality provisions of Section 45 shall be subject to a reprimand, find, suspension or removal.  The statutory provisions (Judiciary Law §§ 44 through 46) reflect a strong public policy to protect the rights not only of judges, but of complainants, witnesses and, ultimately, the general public.  Confidentiality is essential in judicial conduct proceedings to promote candor and fairness.

The confidentiality of the Commission's investigations is based on sound public policy. Confidentiality encourages the filing of complaints and the willing participation of citizens and witnesses by providing protection against possible retaliation or recrimination.  It protects judges from injury which might result from the publication of unexamined and unwarranted complaints by disgruntled litigants and preserves confidence in the judiciary as an institution by avoiding premature announcement of groundless claims of judicial misconduct. It promotes the public interest by providing for public disclosure at the stage of the proceedings when final determinations have been made.  At that stage, both the findings and the prior record are made public.

In First Amendment Coalition v. Judicial Inquiry and Review Board, 784 F.2d 467 (3rd Cir. 1986), the Third Circuit Court of Appeals considered the right of access to the records of the Pennsylvania Judiciary Inquiry and Review Board.  The Pennsylvania statute is substantively indistinguishable from the New York statute.  Disclosure of judicial disciplinary proceedings is "limited [] to the situation in which discipline has been recommended and the record has been filed with the court." Id. at 472.  The Court held that "the state has demonstrated a substantial

interest in preserving limited confidentiality." Id. at 476.  In addressing plaintiffs' arguments the Court stated:

> The notion that the effectiveness of judicial disciplinary boards depends to a large extent on confidentiality is not unique to Pennsylvania; the idea has been almost universally adopted, in Landmark Communications, 435 U.S. 829, 56 L. Ed.2d 1, 98 S. Ct. 1535 (1978), the Supreme Court listed four advantages of confidentiality:
>
> 1. Encouraging the filing of complaints;
>
> 2. Protecting judges from unwarranted complaints;
>
> 3. Maintaining confidence in the judiciary by avoiding premature announcement of groundless complaints; and
>
> 4. Facilitating the work of a commission by giving it flexibility to accomplish its mission through voluntary retirement or resignation of judges.

First Amendment Coalition, 784 F.2d at 745.  The Court made clear that "[t]he possibility that judges would be harassed and the judicial system disrupted in the event of open hearings before a judicial inquiry board has not been an illusory concern."  First Amendment Coalition, 784 F.2d at 476.  The Court noted that in its initial adoption of its "commission-form" of judicial discipline, California included a constitutional provision assuring confidentiality of proceedings.  This model was then provided to the Pennsylvania Board.  Id.  The Court also referred to Professor Lawrence Tribe stating that "Professor Tribe describes confidentiality in disciplinary proceedings as 'protection vitally needed to encourage collegiality, candor, and courage – both political and intellectual – protection needed not only for the benefit of judges but for the benefit of society as a whole.'"  Id.  The Court also found it "noteworthy that the disciplinary procedures for the federal judiciary enacted by Congress provide for confidentiality."  Id.

In <u>Matter of Johnson Newspaper Corp.</u>, 77 N.Y.2d 1 (1990), the Court of Appeals analogized the confidentiality of the Commission's investigations to professional disciplinary proceedings pursuant to Education Law § 6510. Petitioner, Johnson Newspaper Corporation, sought access to the disciplinary hearing involving a dentist who was charged with misconduct claiming that there is a constitutionally based public right of access to professional disciplinary hearings. <u>Id</u>. at 4-5. The Court held that there is no First Amendment right of access to the proceedings. The Court further held that there is no right of access under the State Constitution or under any common law of the State. The court stated "[w]e conclude that our statutes and case law reflect a policy of keeping disciplinary proceedings involving licensed professionals confidential until they are finally determined. The policy serves the purpose of safeguarding information that a potential complainant may regard as private or confidential and thereby removes a possible disincentive to the file of complaints of professional misconduct." <u>Id</u>. at 10-11 (internal citations omitted).

Plaintiff alleges that he has a fundamental right of access to the information he seeks from the Commission and that his First Amendment rights have been infringed by the Commission's refusal to release the information under Judiciary Law § 45. However, as stated above, New York courts have upheld the state's right to require confidentiality in judicial disciplinary proceedings and other analogous professional disciplinary proceedings. "The first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right secured by the Constitution and laws. <u>Baker v. McCollan</u>, 443 U.S. 137, 140 (1979) (internal quotations omitted). As the Court made clear in <u>Matter of Johnson Newspaper Corp.</u>, 77 N.Y.2d at 9, there is no fundamental, or First Amendment, right of access to such confidential information.

**Conclusion**

For the reasons set forth above, defendants respectfully request that this Court issue an order dismissing the complaint in its entirety, with prejudice, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 18, 2008

                                          Respectfully submitted,

                                        ANDREW M. CUOMO
                                        Attorney General of the
                                          State of New York
                                        Attorney for Defendants
                                        By:

                                        _____
                                        AMY L. ABRAMOWITZ (AA 5169)
                                        Assistant Attorney General
                                        120 Broadway
                                        New York, New York 10271
                                        (212) 416-8599/8610

AMY L. ABRAMOWITZ
Assistant Attorney General
 of Counsel